## B. F. LYNCH *v.* F. WILLIAMS.

Where there is a contest between the plaintiff and an intervenor, as to the ownership of a promissory note sued on, and judgment is rendered in favor of the intervenor against the defendant, the plaintiff being non-suited, he may appeal, in order to determine to whom the note belongs, without making the defendant a party.

APPEAL from the District Court of West Baton Rouge, *Burk,* J. *James M. Brunot,* for plaintiff. *Barrow* and *Favrot,* for intervenor. *Herron,* for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, *Lynch,* sued *Francis Williams* as the drawer and *Vincent Kirkland* as the endorser of a promissory note for the sum of $400, payable twelve months after date. *Pauline Granger* intervened in the suit, claiming the note as belonging to her, and asking judgment also against the defendants, to the exclusion of the plaintiff. She alleged that the note had been lost. The district judge gave judgment in her favor against the defendants, and entered judgment against the plaintiff as in case of non-suit. He has appealed. The defendants not having appealed, there is no ground for disturbing the judgment against them, which stands for the security of the debt in controversy between the appellant and the intervening party.

We are of opinion that, the note having been endorsed in blank, the proof of its originally belonging to the intervening party is not of itself sufficient to authorize a recovery against the plaintiff, who stands *prima facie* as a *bona fide* holder of the note. She has not proved the fact of the loss of the note. The advertisement in evidence states this note and another to have been mislaid, and the payment stopped. We find no other evidence to this point; it is not sufficient. There is nothing in the case which throws suspicion on the holder. Indeed, the case is not before us in such a form as would authorize us to close it by a final judgment between the parties. We think the court erred in non-suiting the plaintiff.

The judgment of the district court against the plaintiff is therefore reversed, at the costs of the appellee, and the case remanded for further proceedings, in order to determine to which of the parties the judgment against *Williams* and *Kirkland* belongs; the appellant standing as plaintiff, and the appellee as defendant in the suit, and the rights of both to be unaffected by the judgment rendered against the original defendants.